MICHAEL J. MCCUE (SBN: 296425)
Email: MMcCue@LRRLaw.com
Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8200 (Tel.)
(702) 949-8398 (Fax)

*Attorneys for Defendants Bellagio LLC and MGM Resorts International*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KOLB; JINYONG NA; LYNE RENEE; JONATHAN FRITZ; and APRIL HUTCHINGS,<br><br>Plaintiffs,<br><br>vs.<br><br>BELLAGIO LLC, a Nevada Limited Liability Company; MGM RESORTS INTERNATIONAL, a Delaware Corporation and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-08512<br><br>**NOTICE OF REMOVAL**<br><br>**[Los Angeles Superior Court Case No. BC596667]** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(b), Defendants MGM Resorts International and Bellagio, LLC, hereby remove this action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

## 1. Introduction.

This action involves claimed violations of Plaintiffs' rights of publicity. Plaintiffs Forrest Kolb ("Kolb"), Jinyong Na ("Na"), Lynee Renee ("Reneee"), Jonathan Fritz ("Fritz"), and April Hutchings ("Hutchings") filed this action against MGM Resorts International and Bellagio, LLC in the Superior Court of California,

1

County of Los Angeles, as Case Number BC596667, alleging common law misappropriation of likeness, violation of California Civil Code § 3344, and restitution. Plaintiffs seek actual damages, punitive damages, injunctive relief, disgorgement of profits, statutory damages, and an award of attorneys' fees and costs.

Removal is appropriate because this Court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because complete diversity of citizenship exists amongst the parties and all of the information, taken together, proves that it is more probable than not that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

**2. This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332.**

**A. There Is Diversity Of Citizenship.**

Plaintiffs

For purposes of determining diversity of citizenship, a party is a citizen of the state where domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). A party's place of residence is "prima facie" evidence of domicile. *Gonzalez v. First NLC Fin. Servs.*, No. CV 09-4147 AHM, 2009 WL 2513670, at *2 (C.D. Cal. Aug. 12, 2009) (*citing State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

Plaintiffs allege that Plaintiffs Kolb, Fritz, Na, and Hutchings are residents of California. (Am. Compl. ¶ 1.) Plaintiffs allege that Plaintiff Renee is a resident of New York and "at relevant times" a resident of California. (*Id.* 2.)

///
///
///

Defendants

A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). A limited liability company is a citizen of all of the states where its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Defendant MGM Resorts International is a Delaware corporation; its principal place of business is located in Las Vegas, Nevada. (Declaration of Michael J. McCue, ¶ 2.) It is a citizen of Delaware and Nevada.

Defendant Bellagio, LLC is a Nevada limited liability company. (McCue Decl. ¶ 3.) Bellagio, LLC has one member, Mirage Resorts, Incorporated, which is a Nevada corporation; its principal place of business is located in Las Vegas, Nevada. (McCue Decl. ¶ 3.) It is a citizen of Nevada.

Complete diversity of citizenship exists because Plaintiffs are citizens of either California or New York, on the one hand, and Defendants are citizens of Delaware and Nevada, on the other hand.

**B.     The Amount In Controversy Exceeds $75,000.**

Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Where a complaint does not specify an amount of damages, a removing defendant must show that it is "more likely than not" that the amount in controversy is exceeded. *See Mendoza v. OM Fin. Life Ins. Co.,* No. 09-01211, 2009 WL 1813964, *3 (N.D. Cal. June 25, 2009) (where a complaint does not specify an amount of damages, a removing defendant must show that it is "more likely than not" that the amount in controversy is exceeded) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

Here, during settlement discussions with Plaintiffs' counsel, Plaintiffs'

counsel informed Defendants' counsel that Plaintiffs would not agree to settle this matter for less than $100,000 per Plaintiff – for a total of a minimum settlement demand of $500,000. (McCue Decl. ¶ 4); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy . . . ."). Additionally, in a pre-litigation demand letter, Plaintiffs' counsel wrote that attorneys' fees are already in excess of $19,200. (McCue Decl. ¶ 5); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) (explaining that "a reasonable estimate of fees likely to be incurred to resolution" counts toward determining the amount in controversy).

In addition, Plaintiffs' Amended Complaint also seeks punitive damages and unspecified injunctive relief. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (reviewing prayer for relief in ascertaining whether amount in controversy requirement was met); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("punitive damages are part of the amount in controversy in a civil action").

Based on the forgoing, it is more likely than not that the amount in controversy exceeds $75,000.[1]

### 3. Removal Is Timely.

Plaintiffs filed this action in the Superior Court of California on October 1, 2015. Plaintiffs served Bellagio, LLC on October 2, 2015. As this Notice of Removal is being filed on October 30, 2015, the removal is timely. *See* 28 U.S.C. § 1446(b).

### 4. All Other Requirements For Removal Are Met.

---

[1] If Plaintiffs file a motion to remand, or the Court considers remand *sua sponte,* Defendants respectfully request the opportunity to submit additional argument or evidence in support of removal. *See Cohn*, 281 F.3d at 839-40 & n. 1 (court may consider later provided evidence as amending a notice of removal); *General Dentistry for Kids, LLC v. Kool Smiles, P.C.*, 379 Fed. App'x. 634, 635-36 (9th Cir. 2010) (court may consider evidence relating to amount in controversy not submitted with notice of removal petition).

1  Defendants have attached to this Notice copies of all the filings submitting in
2  the state court action. (*See* **Ex. B** to McCue Decl.)
3  Promptly after this filing, Defendants will file a copy of this Notice with the
4  Superior Court of California, County of Los Angeles. Defendants have
5  contemporaneously served a copy of this Notice upon Plaintiffs' counsel.

6  Dated: October 30, 2015

LEWIS ROCA ROTHGERBER LLP

By: /s/ Michael J. McCue
Michael J. McCue
Email: MMcCue@LRRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8200 (Tel.)
(702) 949-8398 (Fax)

*Attorneys for Defendants Bellagio LLC and MGM Resorts International*

# DECLARATION OF MICHAEL J. MCCUE

I, Michael J. McCue, state the following:

1. I am currently an attorney duly licensed to practice law in the State of California. I am a partner with Lewis Roca Rothgerber LLP, counsel of record for Defendants Bellagio, LLC and MGM Resorts International. I have personal knowledge of the facts set forth below, except for those statements made on information and belief, and I am competent to testify.

2. Defendant MGM Resorts International is a Delaware corporation; its principal place of business is located in Las Vegas, Nevada.

3. Defendant Bellagio, LLC is a Nevada limited liability company. Bellagio, LLC has one member, Mirage Resorts, Incorporated, which is a Nevada corporation; its principal place of business is located in Las Vegas, Nevada.

4. On or about September 30, 2015, during a telephone call with Plaintiffs' counsel regarding settlement, Plaintiffs' counsel informed me that Plaintiffs would not agree to settle this matter for less than $100,000 per Plaintiff.

5. Attached hereto as **Exhibit A** is a true and accurate copy of Plaintiff's written demand letter, wherein Plaintiffs' counsel wrote that Plaintiffs' attorneys' fees have exceeded $19,200.

6. Attached hereto as **Exhibit B** are true and accurate copies of all pleadings and orders from the California Superior Court action served upon Defendants prior to the filing of this Notice of Removal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 30, 2015

/s/ Michael J. McCue
Michael J. McCue