MICHAEL J. MCCUE (SBN: 296425)
Email: MMcCue@LRRLaw.com
Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8200 (Tel.)
(702) 949-8398 (Fax)

*Attorneys for Defendants Bellagio LLC
and MGM Resorts International*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FORREST KOLB; JINYONG NA; LYNE RENEE; JONATHAN FRITZ; and APRIL HUTCHINGS,<br><br>Plaintiffs,<br><br>vs.<br><br>BELLAGIO LLC, a Nevada Limited Liability Company; MGM RESORTS INTERNATIONAL, a Delaware Corporation and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:   2:15−cv−08512 SVW(JPRx)<br><br>**DEFENDANTS BELLAGIO, LLC AND MGM RESORTS INTERNATIONAL'S NOTICE OF MOTION AND MOTION TO STAY**<br><br>Date: December 7, 2015<br>Time: 1:30 p.m.<br>Courtroom: 6<br>Compl. Filed: October 1, 2015<br>First Am. Comp. Filed: October 6, 2015<br><br>**Honorable Judge Stephen V. Wilson** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on December 7, 2015, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the above Court located at 312 North Spring Street, Los Angeles, CA 90012, before the Honorable Judge Stephen V. Wilson, Defendants Bellagio, LLC and MGM Resorts International will and hereby do respectfully move this Honorable Court to stay this

action pending resolution of a motion to dismiss to be filed in a related Nevada case. In the event the Court denies the stay, the Court should permit Defendants ten (10) days after the entry of the ruling to file their answer or other responsive pleading.

This motion is supported by the accompanying Declaration of Michael J. McCue (the "McCue Decl."), as well as the exhibits attached thereto, the following memorandum of points and authorities, and any oral argument that the Court may entertain. This motion is made following the conference of counsel on November 2, 2015. L.R. 7-3.

Dated: November 6, 2015          Respectfully submitted,

LEWIS ROCA ROTHGERBER LLP


By: /s/ Michael J. McCue
    MICHAEL J. MCCUE (SBN: 296425)
    Email: MMcCue@LRRLaw.com
    Lewis Roca Rothgerber LLP
    3993 Howard Hughes Parkway, Suite 600
    Las Vegas, Nevada 89169-5996
    (702) 949-8200 (Tel.)
    (702) 949-8398 (Fax)

    *Attorneys for Defendants Bellagio LLC
    and MGM Resorts International*

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Pursuant to the first-to-file rule, Defendants MGM Resorts International ("MGM") and Bellagio, LLC ("Bellagio") hereby move for an order staying this action ("California Action") pending resolution of a motion to dismiss a prior action filed in the United States District Court for the District of Nevada, Case No. 2:15-cv-01879-GMN-PAL ("Nevada Action"), which involves the same parties and the same issues. In the event this Court denies the stay, the Court should grant MGM and Bellagio ten (10) days after the entry of the ruling to file their answer or other responsive pleading in the California Action.

Plaintiffs Forrest Kolb, Jinyong Na, Lyne Renee, Jonathan Fritz, and April Hutchings ("Kolb Parties"), were professional models who were hired to participate in a photo shoot at the Bellagio Hotel and Casino in Las Vegas in 2009. On information and belief, they were paid approximately $3,000 each for a 5 year license to use their images in advertising and promotional materials for the Bellagio. In July 2015, the Kolb Parties accused the Bellagio of using the images beyond the length of the license. The parties agree to mediate the dispute, including exchanging certain information and documents. However, after an impasse in the mediation process and after the Kolb Parties revealed that they were demanding hundreds of thousands of dollars to settle the dispute, on September 30, 2015, Bellagio filed suit against the Kolb Parties in the United States District Court for the District of Nevada. After the Kolb Parties were informed of the suit, they filed suit in the Superior Court of California in the County of Los Angeles. Bellagio and MGM timely removed the case to this Court.

The Kolb Parties have indicated to Bellagio and MGM that they intend to move to dismiss the Nevada Action based on an exception to the first-to-file rule and alleged lack of personal jurisdiction over the Kolb Parties in Nevada even though the contract was performed in Nevada and the alleged injury is based on Bellagio's

1 conduct in Nevada. The Kolb Parties also plan to move to transfer venue to
2 California.

3       Based on the well-establish principles that the court in the first-filed action
4 should determine the basis for any exception to the first-to-file rule and the court in
5 the second-filed action should stay the case in the interim, this Court should stay the
6 California Action pending the Nevada court's ruling on the Kolb Parties' planned
7 motion to dismiss the Nevada Action.

## STATEMENT OF FACTS RELEVANT TO THIS MOTION

### The Nevada Action

10       On September 30, 2015, Bellagio filed a declaratory relief action in the United
11 States District Court for the District of Nevada (Case No: 2:15-01879-GMN-PAL)
12 against the Kolb Parties seeking a declaration that Bellagio has not infringed any of
13 the Kolb Parties' rights of publicity in connection with the photographs taken of the
14 Kolb Parties in a photo shoot in December 2009. (Nev. Compl. ¶¶ 12, 23, Ex. A to
15 McCue Decl.) The Nevada Action addresses whether Bellagio used photographs of
16 the Kolb Parties without permission on Bellagio's website, information materials,
17 and other third party websites. (Nev. Compl. ¶ 16.) On October 16, 2015, MGM
18 Resorts was added as a plaintiff in the Nevada Action through an Amended
19 Complaint. (Nev. Am. Compl., Ex. B to McCue Decl.) The Kolb Parties' counsel
20 agreed to waive service of process pursuant to Rule 4(d). (McCue Decl. ¶ 7.)

### The California Action

22       On October 1, 2015, the day after Bellagio filed the Nevada Action, the Kolb
23 Parties filed this action in the Superior Court of California, County of Los Angeles,
24 against Bellagio asserting claims for violation of their rights of publicity in
25 connection with the photographs taken of the Kolb Parties in a photo shoot in
26 December 2009. (McCue Decl. ¶ 5.) On October 6, 2015, the Kolb Parties filed
27 their First Amended Complaint adding MGM as a Defendant. (McCue Decl. ¶ 6.)
28 ///

**The Kolb Parties Intend to Move to Dismiss In The Nevada Action**

On October 16, 2015, the Kolb Parties sent MGM and Bellagio an unfiled motion that included a request for sanctions and a motion to dismiss the Nevada Action under an exception to the first-to-file rule and based on allegations of lack of personal jurisdiction over the Kolb Parties. (McCue Decl. ¶ 8.) Additionally, the motion argued that venue should be transferred to California. (*Id.*) The Kolb Parties demanded that Bellagio and MGM dismiss the Nevada Action, which they declined. (*Id.*)

**The Kolb Parties Did Not Consent To Stay This Case**

On November 2, 2015, counsel for MGM and Bellagio requested that the Kolb Parties dismiss the California Action because the Nevada Action was the first filed action. (McCue Decl. ¶ 10.) The Kolb Parties declined, referring to their motion. (*Id.*) MGM and Bellagio's counsel then asked if the Kolb Parties would agree to stay the California Action until the court in the Nevada Action addresses the Kolb Parties' motion. (*Id.*) The Kolb Parties declined. (*Id.*)

## ARGUMENT

**I. THE COURT SHOULD STAY THE CALIFORNIA ACTION BASED ON THE FIRST-TO-FILE RULE**

**A. The First-to-File Rule is Clearly Satisfied**

The first-to-file rule is a discretionary rule that "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another court." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). "The purpose of the rule is to promote efficiency and avoid duplicative litigation." *Shizzle Pop, LLC v. Wham–O, Inc.,* No. CV 10–3491, 2010 WL 3063066, at *2 (C.D. Cal. Aug. 2, 2010). "[U]nless compelling circumstances justify departure from the rule, the first-filing party should be permitted to proceed without concern about a conflicting order being issued in the later-filed action." *Guthy–Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270

1  (C.D. Cal. 1998). The first-to-file rule "does not require identical parties or issues,
2  so long as the actions are substantially similar or involve substantial overlap."
3  *PETA, Inc. v. Beyond the Frame, Ltd.*, No. CV 10–07576 MMM (SSx), 2011 WL
4  686158, at *2 (C.D. Cal. Feb. 16, 2011) (collecting cases).

5  Here, the first-to-file rule is clearly satisfied. The Nevada Action was filed on
6  September 30, 2015. The California Action was filed on October 1, 2015. The
7  parties in the cases are identified. The issues are identical. Both cases would
8  address the issue of whether Bellagio and MGM have infringed the Kolb Parties'
9  rights of publicity arising from use of photos taken at a photo shoot in Nevada in
10  December 2009.

11  Thus, unless compelling reasons justify a departure, this case must be
12  transferred, stayed, or dismissed.

### B. The California Case Should Be Stayed Until the Nevada District Court Addresses the Kolb Parties' Motion to Dismiss

15  Although compelling circumstances can justify departure from the first-to-file
16  rule, it is well established that the application of any texceptions should be addressed
17  by the court in the first-filed case. *See, e.g.*, *Intuitive Surgical, Inc. v. Cal. Inst. of
18  Tech.*, No. C07-0063-CW, 2007 WL 1150787, at *3 (N.D. Cal. Apr. 18, 2007) ("the
19  court in the first-filed action should decide whether there is an exception to the first-
20  to-file rule"); *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06–6613 CW, 2007 WL
21  484789, at *2 (N.D. Cal. Feb. 9, 2007) ("Arguments that the first-to-file rule should
22  not be applied, however, should be addressed to the court in the first-filed action");
23  *Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*, No. 06 CV-1848–H (JMA),
24  2006 WL 4117032, at *3 (S.D. Cal. Nov. 21, 2006) ("Although a court may also
25  consider the respective convenience of the two courts when deciding whether to
26  implement the first-to-file rule, normally this argument is addressed to the court in
27  the first-filed action"); *Marini v. Samuel Cabot Inc. Employees' Stock Ownership
28  Plan*, No. C 06-5491 CW, 2006 WL 3147690, at *1 (N.D. Cal. Nov. 1, 2006)

("Even if the first-to-file rule should not be applied in this case because the first-filed suit was anticipatory and filed in bad faith for forum-shopping purposes, those arguments should be addressed to the court in the first-filed action" citing *Alltrade Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir.1991) and *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir.1982).

If there are doubts as to the jurisdiction of the court in the first-filed action, the court in the second-filed action should stay the case until other court determines whether it will retain jurisdiction. *See, e.g.*, *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 629 (9th Cir. 1991) (ordering second-filed action stayed until court in the first-filed action can decide whether to retain jurisdiction); *Marini v. Samuel Cabot Inc. Employees' Stock Ownership Plan*, No. C 06-5491 CW, 2006 WL 3147690, at *1 (N.D. Cal. Nov. 1, 2006) (ordering stay while court in first-filed action resolves motion to transfer); *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06–6613 CW, 2007 WL 484789, at *4 (N.D. Cal. Feb. 9, 2007) (ordering stay while court in first-filed action court determines motion to transfer); *see also* Charles A. Wright and Arthur R. Miller, Federal Rules Of Civil Procedure, 5C Fed. Prac. & Proc. Civ. § 1360 (3d ed.) ("A motion to stay also may be justified when a similar action is pending in another court").

Here, the Kolb Parties will undoubtedly claim that this Court should retain jurisdiction and find that the first-to-file rule does not apply. Indeed, during the meet and confer, the Kolb Parties indicated that they would not agree to dismiss the California Action under the first-to-file rule because of the arguments in their motion to dismiss/motion for sanctions that they intend to file in Nevada.

However, the case law is clear that any arguments regarding the application of an exception to the first-to-file rule should be addressed to the court in which the first-filed action is pending, which is the District of Nevada. Otherwise, both this Court and the Nevada court could issue conflicting opinions regarding the applicability of the first-to-file rule.

Additionally, it would be a waste of judicial resources for both this Court and the District of Nevada to decide the same issue. If the District of Nevada grants the Kolb Parties' motion to dismiss the Nevada Action, then the California Action will proceed. If the District of Nevada Court denies the Kolb Parties' motion, which would include consideration of any exception to the first-to-file rule, then the Nevada Action will proceed and there will be no need for this Court to address the same issue.

Finally, even if this Court were to decide the first-to-file rule, the Nevada Court could still enjoin the Kolb Parties from prosecuting this case. *Toy Biz, Inc. v. Centuri Corp.*, 990 F. Supp. 328, 332 (S.D.N.Y. 1998) ("the court in the first-filed action has the power to enjoin the parties from proceeding in the second action, and indeed, should do so absent a showing of special circumstances that would give priority to the second action").

Under the circumstances, the appropriate and judicially efficient course of action is to stay this case until the Kolb Parties' motion to dismiss in the Nevada Action is decided.[1]

## II. IF THIS COURT DENIES THIS MOTION TO STAY, THE COURT SHOULD GRANT AN EXTENSION OF TIME FOR MGM AND BELLAGIO TO FILE THEIR ANSWERS OR OTHERWISE RESPOND TO THE FIRST AMENDED COMPLAINT

While a motion to stay is not a Rule 12(b) defense, "they are often considered by courts prior to the filing of an answer." *Sorensen v. Head USA, Inc.*, No. 06cv1434 BTM (CAB), 2006 WL 6584166, at *1 (S.D. Cal. Oct. 13, 2006) (denying motion for default because defendant timely filed a motion to stay based on the first-to-file rule); *see also State v. Approximately $189,040.00 in U.S. Currency*, No.

---

[1] As of this date, the Kolb Parties have not yet filed their motion to dismiss. This is because they elected to waive service in the Nevada Action under Rule 4(d), which grants them sixty days to file an answer or otherwise respond to the Nevada Amended Complaint. The Kolb Parties have until December 15, 2015 to file their motion to dismiss.

2:13–cv–0643 JAM KJN, 2013 WL 2303244, at *2 (E.D. Cal. May 24, 2013) (granting petitioner 28 days after court rules on motion to stay to file an answer); *Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F. Supp. 2d 1006, 1012–13 (E.D. Cal. 2011) (relieving party of obligation to file answer pending ruling on motion for a stay and collecting similar cases); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed. 2006) ("A motion to stay also is not within the ambit of the defenses enumerated in Rule 12(b). Nonetheless, relying on their inherent power, federal courts often consider these motions in an effort to maximize the effective utilization of judicial resources and to minimize the possibility of conflicts between different courts.").

Under the circumstances, MGM and Bellagio request that, if the Court declines to stay this action, then MGM and Bellagio be granted ten (10) days from the order denying the stay to file their answer(s) or otherwise respond to the Amended Complaint.

## CONCLUSION

The Court should stay this action until the Nevada court decides the Kolb Parties' motion to dismiss the Nevada Action or, in the alternative, grant MGM and Bellagio ten (10) days after the entry of the ruling to file their answers or other responsive pleadings.

Dated: November 6th, 2015

LEWIS ROCA ROTHGERBER LLP

By: /s/ Michael J. McCue
Michael J. McCue
Email: MMcCue@LRRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8200 (Tel.)

*Attorneys for Defendants Bellagio LLC and MGM Resorts International*

# CERTIFICATE OF SERVICE

I hereby certify that on November 6th, 2015, a true and accurate copy of the foregoing paper entitled, **DEFENDANTS BELLAGIO, LLC AND MGM RESORTS INTERNATIONAL'S NOTICE OF MOTION AND MOTION TO STAY**, was filed electronically with the Clerk of the Court through the Court's CM/ECF system and sent via fax to Plaintiffs' counsel at the fax number indicated below:

> Bassil A. Hamideh
> THE HAMIDEH FIRM, P.C.
> 1801 Century Park East, Suite 2400
> Los Angeles, CA 90067
> Fax: 310-733-5699
> E-mail: bhamideh@hamidehfirm.com

 /s/ Rebecca J. Contla
An employee of Lewis Roca Rothgerber LLP