# Exhibit B

# Exhibit B

Michael J. McCue
Nevada Bar No. 6055
MMcCue@LRRLaw.com
Meng Zhong
Nevada Bar No. 12145
MZhong@LRRLaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
702.949.8200 (tel.)
702.949.8398 (fax)

*Attorneys for Plaintiffs Bellagio, LLC
and MGM Resorts International*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BELLAGIO, LLC, a Nevada limited liability company, and MGM RESORTS INTERNATIONAL, a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>JONATHAN FRITZ, an individual, FORREST KOLB, an individual, JINYONG NA, an individual, LYNE RENEE, an individual, and APRIL HUTCHINGS, an individual,<br><br>Defendants. | Case No.: 2:15-cv-01879-GMN-PAL<br><br>**FIRST AMENDED COMPLAINT** |

For their First Amended Complaint against Defendants Jonathan Fritz, Forrest Kolb, Jinyong Na, Lyne Renee, and April Hutchings (collectively, "Defendants"), Plaintiffs Bellagio, LLC and MGM Resorts International (collectively, "Plaintiffs"), state the following:

**NATURE OF THE ACTION**

1. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Plaintiffs seek a declaratory judgment that they have not violated Defendants' rights of publicity and that Defendants are not entitled to damages.

**JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C.

-1-

6766853_1

1 § 1332 because Plaintiffs and Defendants are citizens of different states and the amount in
2 controversy exceeds the sum or value of $75,000.

3       3. This Court has specific personal jurisdiction over Defendants because Plaintiffs'
4 causes of action arise from Defendants' activities within this judicial district and the exercise of
5 specific personal jurisdiction over Defendants would otherwise be reasonable.

6       4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the
7 events or omissions giving rise to Plaintiffs' causes of action occurred in this judicial district.
8 Specifically, the photographs of the Defendants at issue were taken in Las Vegas, Nevada, and the
9 alleged violation of Defendants' rights of publicity occurred in Las Vegas, Nevada, in connection
10 with advertising for Las Vegas-based hotels and casinos.

## PARTIES

12       5. Bellagio, LLC is a Nevada limited liability company with its principal place of
13 business in Las Vegas, Nevada. Bellagio, LLC has one member, Mirage Resorts, Incorporated,
14 which is a Nevada corporation. Bellagio, LLC owns and operates the Bellagio Resort & Casino
15 ("Bellagio") in Las Vegas, Nevada.

16       6. Plaintiff MGM Resorts International ("MGM Resorts") is a Delaware corporation
17 with its principal place of business in Las Vegas, Nevada. MGM Resorts is the ultimate parent of
18 Bellagio, LLC.

19       7. Upon information and belief, Defendant Jonathan Fritz is an individual residing in
20 and a citizen of California.

21       8. Upon information and belief, Defendant Forrest Kolb is an individual residing in
22 and a citizen of California.

23       9. Upon information and belief, Defendant Jinyong Na is an individual residing in and
24 a citizen of California.

25       10. Upon information and belief, Defendant Lyne Renee is an individual residing in
26 and a citizen of New York.

27       11. Upon information and belief, Defendant April Hutchings is an individual residing
28 in and a citizen of California.

-2-

6766853_1

*Left margin: LEWIS ROCA ROTHGERBER — 3993 Howard Hughes Parkway, Suite 600, Las Vegas, NV 89169-5996*

## GENERAL ALLEGATIONS

12. Upon information and belief, in 2009, the Defendants were professional models, represented by Wilhelmina Models.

13. Upon information and belief, in or around December 2009, Defendants traveled to Las Vegas, Nevada, to participate in a photo shoot for the Bellagio.

14. Upon information and belief, Defendants were compensated for the photo shoot in the amount of approximately $3,000 each for the use of their images for a period of 5 years.

15. On or around July 22, 2015, Defendants, through counsel, sent a demand letter to Bellagio in which they claimed that Bellagio had used their images beyond the 5-year term. Defendants claimed that Bellagio knew these uses were unauthorized and that Bellagio was potentially liable to Defendants for significant economic damages and emotional distress damages for the alleged unauthorized use. Defendants further claimed that Bellagio may have to account its profits to Defendants for the alleged unauthorized use. Defendants also claimed Bellagio may be liable for punitive damages and attorneys' fees, which Defendants claimed had already exceeded $19,200.

16. After Bellagio received Defendants' cease and desist letter, Bellagio directed its staff to search for and promptly remove the images at issue from its website and cease distributing any printed materials containing any of the images.

17. On September 30, 2015, Defendants, through counsel, informed Bellagio, through counsel, that Bellagio was still using images of Defendants. Bellagio, through counsel, requested that Defendants' counsel provide links to any remaining uses of the images at issue so that Bellagio could take remedial action. Defendants' counsel agreed to provide the links on or before October 2, 2015.

18. On October 2, 2015, Bellagio, through counsel, followed up with another request for the links to the remaining uses of the images at issue. In response, Defendants' counsel reversed course and steadfastly refused to provide links to any of the remaining uses of the images at issue.

19. On or around October 5, 2015, Defendants, for the first time, alleged MGM Resorts

-3-

6766853_1

was also using the images at issue.

## COUNT I

### (Declaration of Non-Infringement of Law of Right of Publicity)

20. Plaintiffs incorporate each of the foregoing allegations as if fully set forth herein.

21. A real and justiciable case or controversy exists between Plaintiffs and Defendants concerning whether Plaintiffs have infringed Defendants' rights of publicity under common law or any state statute, whether any infringement was innocent or willful, whether any applicable defense applies, and whether other parties are jointly or severally liable for any infringement.

22. Such controversy is ripe for adjudication.

## COUNT II

### (Declaration regarding Damages and Other Remedies)

23. Plaintiffs incorporate each of the foregoing allegations as if fully set forth herein.

24. A real and justiciable case or controversy exists between Plaintiffs and Defendants concerning whether Defendants are entitled to restitution, unjust enrichment, or other damages for the alleged infringement of their rights of publicity, whether any alleged damages were caused by Plaintiffs, whether Defendants failed to mitigate damages by, among other things, refusing to provide links to the alleged uses, and whether Defendants' claimed damages for emotional distress or other injuries were caused by factors other than the alleged violation of their rights of publicity.

25. Such controversy is ripe for adjudication.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment in Plaintiffs' favor and against Defendants, and that the Court enter judgment:

A. Declaring that Plaintiffs have not infringed Defendants' rights of publicity, under common law or any state statute;

B. If Plaintiffs have infringed Defendants' rights of publicity, that such infringement was unintentional and not willful;

C. If Plaintiffs have infringed Defendants' rights of publicity, that Defendants are entitled to damages based on the period of use in excess of 5 years using the initial license fee that

Case 2:15-cv-08152-JPR Document 3 Filed 11/06/15 Page 5 of 5 Page ID #:120

1  Defendants negotiated for use of their images, and are not entitled to damages based on any other
2  measure of damages, and limiting their damages based on, among other things, failure to mitigate
3  damages;

4      D.    Awarding Plaintiffs their costs and reasonable attorneys' fees; and

5      E.    Awarding Plaintiffs such other and further relief as the Court deems just and
6  equitable.

7  DATED: this 16th day of October, 2015.

8  LEWIS ROCA ROTHGERBER LLP

9  By: /s/ Michael J. McCue
10 Michael J. McCue
   Meng Zhong
11 3993 Howard Hughes Parkway, Suite 600
   Las Vegas, NV 89169-5996

12 *Attorneys for Plaintiffs*
13 *Bellagio, LLC and MGM Resorts International*

-5-

6766853_1