UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-08512-SVW-JPR | Date | January 21, 2016 |
|---|---|---|---|
| Title | *Kolb et al v. Bellagio LLC et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER GRANTING MOTION TO DISMISS [18].

This right of publicity action was removed on October 30, 2015. (Dkt. 1). On November 6, 2015, Defendants Bellagio, LLC et al filed a motion to stay the case pending resolution of a motion to dismiss in an earlier-filed Nevada action pursuant to the first-to-file rule. (Dkt. 9). On December 3, 2015, the Court denied Defendants' motion to stay because Defendants had not provided complete briefing on the application of the first-to-file rule. (Dkt. 16). Presently before the Court is Defendants' motion to dismiss for lack of personal jurisdiction or pursuant to the first-to-file rule. (Dkt. 18).[1]

### I. Background

In 2009, Defendant Bellagio contracted with a photography company, Tomas Muscionico, Inc., to provide photographs of models to use on Bellagio's advertising materials. (Declaration of April Chaparian ("Chaparian Decl.") ¶ 4). Muscionico contracted with Wilhelmina Models, a modeling agency, which provided Plaintiffs for the photoshoot. (*Id.* ¶ 7). Plaintiffs state that any and all agreements between Plaintiffs and Defendant Bellagio were negotiated by Wilhelmina Models in Los Angeles, California. (Declaration of Jonathan Fritz ("Fritz Decl.") ¶ 5; Declaration of Forrest Kolb ("Kolb Decl.") ¶ 5). In December of 2009, Plaintiffs flew to Las Vegas for the photoshoot, which took place at Defendant Bellagio's hotel. (Fritz Decl. ¶ 4). Plaintiffs were provided with rooms at the MGM Grand hotel during

---

[1]   Upon review of the parties' briefs, the Court concludes that the motions are suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for Monday, January 25, 2016 is VACATED and OFF-CALENDAR.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-08512-SVW-JPR | Date | January 21, 2016 |
|---|---|---|---|
| Title | *Kolb et al v. Bellagio LLC et al* | | |

their stay. (*Id.* ¶ 4).

    Plaintiffs allege that Defendants improperly used Plaintiffs' images beyond the licensing period to market Defendants' casinos and resorts. In particular, Plaintiffs allege that the licensing period ended on December 21, 2014, and although Muscionico attempted to re-negotiate additional usage terms, he ultimately decided that Wilhelmina Models wanted too much money. (Fritz. Decl. ¶ 6). Plaintiffs allege that Defendant Bellagio continued to use their photographs following the expiration of the licensing period.

    On July 22, 2015, Plaintiffs sent a settlement communication letter to Defendant Bellagio, without a monetary demand. (Declaration of Bassil Hamideh ("Hamideh Decl.") ¶ 2, Ex. 1). The letter concluded by stating: "Please contact me no later than July 31, 2015 if Bellagio wishes to begin a confidential discussion about how to resolve this matter before we file a lawsuit. If we do not hear from you by then, we will commence litigation." (*Id.*).

    The parties engaged in preliminary settlement negotiations beginning in August and agreed to participate in mediation for October 7, 2015. However, the parties encountered difficulties in August and September (the details of which they dispute) and ultimately canceled the mediation. According to Plaintiffs, on September 16, 2015, they informed Defendants that they were prepared to file a complaint at the end of mediation if the case did not settle. (Hamideh Decl. ¶ 4). Between September 27 and 28, both parties exchanged documents and information in preparation for the mediation. (*Id.*). On September 29, 2015, Defendants requested certain documents that Plaintiffs contended were not in their possession. On September 30, 2015, Defendants also requested a monetary settlement amount from Plaintiffs, and requested that the parties postpone the mediation because Defendants had not yet completed their mediation brief. (*Id.* ¶ 6). Plaintiffs explained that they had already completed their mediation brief according to the mediator's schedule and would not agree to postpone the mediation. Plaintiffs also reiterated that they had prepared a California complaint and would file it if the parties could not resolve the case at mediation. (*Id.*). On September 30, 2015, Defendants filed a declaratory relief action in Nevada. Plaintiffs immediately filed the present action in California on October 1, 2015. (*Id.* ¶¶ 7-8).

    According to Defendants, throughout August and September they sent Plaintiffs multiple requests for certain categories of documents and information that they needed for the mediation. (Declaration of Michael McCue ("McCue Decl.") ¶¶ 6-20). Plaintiffs informed Defendants on multiple occasions that they were gathering the documents, but finally produced only some of the documents on September 28,

                                                                                                            :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-08512-SVW-JPR | Date | January 21, 2016 |
|---|---|---|---|
| Title | Kolb et al v. Bellagio LLC et al | | |

2015. (*Id.*). Defendants proposed postponing the mediation by 10 to 14 days after the remaining documents were produced because the documents were necessary to complete Defendants' mediation brief. (*Id.* ¶ 16). Plaintiffs declined to postpone the mediation. (*Id.* ¶ 21). Defendants dispute Plaintiffs' contention that Plaintiffs informed them that they would file suit in California if mediation failed. (*Id.*). Defendants also contend that they had drafted a complaint by September 29, 2015 and, therefore, had decided to proceed with litigation prior to the discussion with Plaintiffs on September 30, 2015. (*Id.* ¶ 23).

## II. Whether the first-to-file rule applies

### A. Legal Standard

The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). This rule promotes judicial efficiency and prevents the risk of inconsistent decisions that would arise from multiple litigations of identical claims. Accordingly, it "should not be disregarded lightly." *Alltrade, Inc. v. Uliweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). In applying the first-to-file rule, a court considers three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Alltrade*, 946 F.2d at 625-26.

At the same time, it is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95; *Alltrade*, 946 F.2d at 628 ("The most basic aspect of the first-to-file rule is that it is discretionary…"). Therefore, for reasons of equity, a court may decline to follow the first-to-file rule for reasons that include bad faith, anticipatory breach, and forum shopping. *Alltrade*, 946 F.2d at 628. A court may also refuse to apply the first-to-file rule if the balance of convenience weighs in favor of the later-filed action. *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003). However, this balance of convenience inquiry should be addressed to the court in the first-filed action. *Alltrade*, 946 F.2d at 628.

### B. Discussion

As the Court stated previously in its December 3, 2015 Order, Dkt. 16, there is no dispute that the first-to-file rule should apply unless there is a recognized exception to the rule. The parties primarily dispute whether Defendants' Nevada action was an anticipatory suit.

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-08512-SVW-JPR | Date | January 21, 2016 |
|---|---|---|---|
| Title | *Kolb et al v. Bellagio LLC et al* | | |

    Anticipatory suits are found when the "plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent," and are viewed with disfavor as examples of forum shopping and gamesmanship. *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998); *see also Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099-1100 (N.D. Cal. 2006) (finding plaintiff's suit anticipatory where (1) defendant sent a letter to plaintiff that claimed plaintiff had breached their contract, and stated unequivocally that "unless a settlement is reached within five (5) business days a lawsuit will be filed" and (2) Plaintiff responded by filing suit before the expiration of the five days); *K-Swiss Inc. v. Puma AG Rudolf Dassler Sport*, 2009 WL 2049702, at *3 (C.D. Cal. July 9, 2009) ("[W]hen, as here, a declaratory judgment action has been triggered by a cease and desist letter, equity militates in favor of allowing the second-filed action brought by the true plaintiff in the dispute to proceed to judgment rather than the first.").

    Conversely, where the threat of a possible lawsuit is less concrete, courts have not found first-filed declaratory judgment actions to be anticipatory. For example, in *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 991-92 (N.D. Cal. 2011), defendant sent a letter to plaintiff stating that it believed plaintiff was infringing, and invited plaintiff to meet to discuss the available licenses. Although plaintiff filed suit in the midst of the negotiations, the court found that the suit was not anticipatory. *See also Sony Computer Entertainment American Inc. v. American Medical Response Inc.*, 2007 WL 781969, at *3 (N.D. Cal. March 13, 2007) (finding plaintiff's suit not anticipatory where defendant sent a complaint with a letter stating that the complaint "may be filed" if a resolution was not obtained).

    The Court finds that Defendants' Nevada action was filed in anticipation of Plaintiffs' suit. Plaintiffs' July 22, 2015 demand letter clearly stated that Plaintiffs were prepared to file a lawsuit against Defendants. (Hamideh Decl. ¶ 2, Ex. 1). Moreover, Plaintiffs contend that they warned Defendants several times throughout the following months that if mediation was unsuccessful, Plaintiffs would commence with their suit. (Hamideh Decl. ¶ 4, 6). Although Defendants dispute whether Plaintiffs warned them a second and third time that a suit was imminent, the Court finds that Defendants were indisputably on notice of an imminent suit upon receipt of Plaintiffs' initial demand letter.

    Therefore, the Court finds that Defendants' suit was anticipatory and declines to apply the first-to-file rule. *See Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003)

                                                                                                                          :

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-08512-SVW-JPR | Date | January 21, 2016 |
| Title | *Kolb et al v. Bellagio LLC et al* | | |

("Application of the first to file rule in such situations would thwart settlement negotiations, encouraging intellectual property holders to file suit rather than communicate with the infringer.").

### III. Whether Personal Jurisdiction Exists

#### A. Legal Standard

When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Absent formal discovery or an evidentiary hearing, the plaintiff need only make a *prima facie* showing that jurisdiction exists to survive a Rule 12(b)(2) motion to dismiss. *Id.* at 1154. To make a *prima facie* showing, the plaintiff can rely on uncontroverted allegations in the pleadings, or "facts, by affidavit or otherwise," that support personal jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). However, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach*, 453 F.3d at 1154-55. Because California authorizes jurisdiction to the full extent permitted by the Constitution, the relevant inquiry is whether the exercise of jurisdiction over the Defendants is consistent with due process. Cal. Code Civ. P. § 410.10; *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). To satisfy due process, Defendants must have sufficient "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

There are two recognized bases for exercising jurisdiction over a nonresident defendant: (1) general jurisdiction and (2) specific jurisdiction. General jurisdiction exists where a defendant's activities in the forum are sufficiently substantial, or continuous and systematic, to justify the exercise of jurisdiction over it. *Int'l Shoe Co.*, 326 U.S. at 316. To determine whether specific jurisdiction exists, the Ninth Circuit applies a three-prong test:

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-08512-SVW-JPR | Date | January 21, 2016 |
| Title | Kolb et al v. Bellagio LLC et al | | |

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). The plaintiff bears the burden of satisfying the first two prongs. *Schwarzenegger*, 374 F.3d at 802. If it does, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable. *Id.*

**B. Discussion**

Plaintiffs do not contend that the Court can exercise general jurisdiction over Defendants. The parties only dispute whether specific jurisdiction exists.

**1. Purposeful Direction**

In cases involving allegations sounding in tort, such as here, the Ninth Circuit focuses on "purposeful direction," applying the test from *Calder v. Jones*, 465 U.S. 783 (1984). *See Mavrix*, 647 F.3d at 1228 ("Because [plaintiff] has alleged copyright infringement, a tort-like cause of action, purposeful direction 'is the proper analytical framework.'"); *Facebook, Inc. v. Pedersen*, 868 F. Supp. 2d 953, 958 (N.D. Cal. 2012) ("The Court finds that the *Calder* effects test is the proper framework for analyzing the exercise of specific personal jurisdiction over defendants, because [the plaintiff] alleges trademark dilution and infringement, both of which are tort-like causes of action."). Under the *Calder* "effects test," the plaintiff must show that the defendant committed an intentional act, expressly aimed at the forum state, causing harm that the defendant knows is likely to be suffered in the forum state. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-08512-SVW-JPR | Date | January 21, 2016 |
|---|---|---|---|
| Title | *Kolb et al v. Bellagio LLC et al* | | |

### a. Intentional Act

The Ninth Circuit defines an intentional act in the context of personal jurisdiction as "an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012). Plaintiffs allege that Defendants intentionally used Plaintiffs' images to market and advertise Defendants' hotels, and continued to do so for months after knowing it was unlawful. As Defendants have not disputed this contention, the Court finds that Plaintiffs have sufficiently alleged an intentional act by Defendants.

### b. Expressly Aimed at Forum

The "expressly aimed" prong asks whether the defendant directed an intentional act at the forum state. *Schwarzenegger*, 374 F.3d at 806. In arguing that personal jurisdiction exists, Plaintiffs rely heavily on *Washington Shoe* for the proposition that an intentional act that harms a party known to be in the forum is alone sufficient to show express aiming. *Washington Shoe*, 704 F.3d at 678 ("Because the harm caused by an infringement of the copyright laws must be felt at least at the place where the copyright is held, we think that the impact of a *willful* infringement is necessarily directed there as well.") (emphasis in original). However, the Supreme Court's decision in *Walden v. Fiore*, 134 S. Ct. 115 (2014) creates doubt on the remaining viability and applicability of *Washington Shoe*.

In *Walden*, a Georgia police officer, working as a DEA agent at a Georgia airport, searched a Nevada-bound couple and seized roughly $97,000 in gambling proceeds. 134 S. Ct. at 1119. The couple filed suit in Nevada against the Georgia officer alleging that he violated their Fourth Amendment rights by seizing the cash without probable cause and later drafting a false affidavit justifying the seizure. *Id.* at 1120. The Supreme Court held that the Georgia officer's actions "did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections." *Id.* at 1125. The Court stated that the officer's challenged conduct had nothing to do with Nevada itself and emphasized that "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum state." *Id.* at 1125-26.

District courts in the Ninth Circuit are currently divided on whether, and to what extent, *Walden* overruled *Washington Shoe*. Compare *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *3 (N.D. Cal. July 6, 2015) (concluding that *Walden* rejected the reasoning in *Washington Shoe*) and *Adobe Systems*

:
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-08512-SVW-JPR | Date | January 21, 2016 |
|---|---|---|---|
| Title | *Kolb et al v. Bellagio LLC et al* | | |

*Inc. v. Cardinal Camera & Video Center, Inc.*, 2015 WL 5834135, at *4 (N.D. Cal. Oct. 7, 2015) (concluding that "*Walden* effectively overrules *Washington Shoe*") with *Leibman v. Prupes*, 2015 WL 898454, at *9 (C.D. Cal. Mar. 2, 2015) (holding that despite *Walden*, the express aiming requirement is still satisfied when a defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state). Although the Ninth Circuit has not yet addressed the issue directly, it did recently apply *Walden* in finding that the express aiming prong was not satisfied where a California resident brought suit in California against an out-of-state defendant for tortious interference with contract, but where none of the defendant's challenged conduct had anything to do with California itself. *See Picot v. Weston*, 780 F.3d 1206, 1214-15 (9th Cir. 2015); *see also Bixby v. KBR, Inc.*, 603 Fed. App'x 605, 606 (9th Cir. 2015) (reversing jury trial for lack of specific jurisdiction where it was based on claim that defendant "knew the persons to whom they intentionally directed their misrepresentations and failures to disclose were soldiers of the Oregon National Guard").

On balance, and in light of the recent Ninth Circuit holdings, the Court finds that *Walden* effectively foreclosed the reasoning in *Washington Shoe*. Thus, the Court rejects Plaintiffs' argument that Defendants expressly aimed their conduct at California simply because they were aware that Plaintiffs resided in California when they used Plaintiffs' images beyond the licensing period. Instead, the present case is similar to *Walden* in that the alleged harm occurred in Nevada when Defendants used Plaintiffs' images beyond the licensing period, and was not tethered to California in any meaningful way. Rather, any injuries resulting from Defendants' actions would have been felt wherever the Plaintiffs resided at the time.

The Court finds similarly unpersuasive Plaintiffs' arguments that Defendants' use of Plaintiffs' images on their globally available website amounts to express aiming, or that Plaintiffs' cease-and-desist letter permits the Court to exercise jurisdiction over Defendants. First, maintenance of a passive website alone cannot satisfy the express aiming prong. *See Pebble Beach Co.*, 453 F.3d at 1158 ("[W]e reject . . . any contention that a passive website constitutes express[ ] aiming."); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) (holding that passive websites do not automatically confer jurisdiction anywhere they are viewable). In the present case, Defendants' websites do not target California in any way and the generic images of Plaintiffs are not linked or tied to California. Second, to the extent that Plaintiffs argue Defendants' receipt of their cease-and-desist letter confers jurisdiction on this Court, the Court again refers to *Walden*, which emphasized that "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum state." *Walden*, 134 S. Ct. at 1125-26; *see also Bellagio, LLC v. Bellagio Car Wash & Exp. Lube*, 2015 WL 4076493, at *5 (N.D. Cal. July 1, 2015).

:
_____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-08512-SVW-JPR | Date | January 21, 2016 |
|---|---|---|---|
| Title | *Kolb et al v. Bellagio LLC et al* | | |

Therefore, the Court finds that Plaintiffs have failed to establish that Defendants expressly aimed their conduct at California and GRANTS Defendants' motion on this basis.[2]

That being said, the parties' briefing suggests that Plaintiffs could potentially make a *prima facie* showing of jurisdiction if they showed an agency relationship between Defendants and the photography company, Tomas Muscionico, Inc. Although Plaintiffs' allegations currently conflate the actions of Defendants and Muscionico, Defendants have rebutted the allegations with a declaration by April Chaparian, the Director of Intellectual Property at MGM. Chaparian states that Defendants contracted with Tomas Muscionico, who in turn contacted Plaintiffs (via their modeling agency, Wilhelmina Models). (Chaparian Decl. ¶¶ 4-5). Chaparian further states that Defendants did not select the modeling agency or the models, and did not contract with the models directly. (*Id.* ¶¶ 6, 10). Plaintiffs have not offered any affidavits or uncontroverted allegations that Defendants contracted with Plaintiffs directly or that Muscionico acted as Defendants' agent. Rather, all of the evidence offered by Plaintiffs thus far shows that Plaintiffs were only contacted by their own modeling agency or by Muscionico.

Moreover, although Plaintiffs argue that Muscionico has an office in Los Angeles, there are no allegations or evidence that Defendants reached out to Muscionico in Los Angeles, rather than in Nevada. *See Picot*, 780 F.3d at 1214 ("In applying this test, we must 'look[ ] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.'") (quoting *Walden*, 134 S. Ct. at 1122).

Therefore, because Plaintiffs may be able to cure the jurisdictional deficiencies outlined above, the Court GRANTS Plaintiffs leave to amend their complaint.

### C. Jurisdictional Discovery

In their opposition, Plaintiffs seek leave to conduct jurisdictional discovery concerning Defendants' contacts with California. District courts have "a significant amount of leeway" in deciding whether to grant Plaintiffs' leave to conduct jurisdictional discovery while a motion to dismiss is

---

[2] As the Court has determined that Plaintiffs fail the express aiming prong, the Court need not analyze the remaining elements to determine whether specific jurisdiction is lacking for alternative reasons. *See Schwarzenegger*, 374 F.3d at 807 n.1.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-08512-SVW-JPR | Date | January 21, 2016 |
|---|---|---|---|
| Title | *Kolb et al v. Bellagio LLC et al* | | |

pending. *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996) ("The district court has wide discretion in controlling discovery"). Jurisdictional discovery "should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). However, jurisdictional discovery need not be allowed where the request amounts to a "fishing expedition." *Johnson v. Mitchell*, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012); *see also Mackovich v. U.S. Government*, 2008 WL 2053978, at *1 (E.D. Cal. May 13, 2008) (denying discovery where plaintiff made "no showing that if further discovery were allowed, the outcome of the motion to dismiss would be affected").

While a more satisfactory showing of jurisdictional facts is necessary, Plaintiffs' vague request has not identified or described the evidence of contacts they believe they can uncover. *See Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) (upholding the denial of jurisdictional discovery, where plaintiffs' allegations of jurisdictional contacts were "purely speculative," and plaintiffs failed to identify any "specific facts, transactions, or conduct" that might give rise to personal jurisdiction."). Therefore, at this juncture, the Court declines to authorize jurisdictional discovery.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the complaint for lack of personal jurisdiction. Plaintiffs may file an amended complaint within twenty-one (21) days of this order if they are able to cure the jurisdictional deficiencies outlined above and clarify the nature and extent of the relationship between Defendants and the photographers.

Plaintiffs may not plead additional claims, add additional parties, or add allegations that are not intended to cure the specific defects the Court has noted.

The application to file documents under seal, Dkt. 25, is DENIED as moot.

:

Initials of Preparer

PMC