1  MICHAEL J. MCCUE (SBN: 296425)
   Email: MMcCue@LRRC.com
2  LEWIS ROCA ROTHGERBER CHRISTIE LLP
   3993 Howard Hughes Parkway, Suite 600
3  Las Vegas, Nevada 89169-5996
   (702) 949-8200 (Tel.)
4  (702) 949-8398 (Fax)

5  AARON D. JOHNSON (SBN: 261747)
   Email: ADJohnson@LRRC.com
6  LEWIS ROCA ROTHGERBER CHRISTIE LLP
   4300 Bohannon Drive, Suite 230
7  Melo Park, California 94025
   (650) 391-1380 (Tel.)
8  (650) 391-1395 (Fax)

9  *Attorneys for Defendants Bellagio, LLC*
10 *and MGM Resorts International*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FORREST KOLB; JINYONG NA; LYNE RENEE; JONATHAN FRITZ; and APRIL HUTCHINGS,<br><br>Plaintiffs,<br><br>vs.<br><br>BELLAGIO LLC, a Nevada Limited Liability Company; MGM RESORTS INTERNATIONAL, a Delaware Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-08512-SVW (JPRx)<br><br>**DEFENDANTS BELLAGIO, LLC'S AND MGM RESORTS INTERNATIONAL'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: May 9, 2016<br>Time: 1:30 p.m.<br>Courtroom: 6<br>Sec. Am. Comp. Filed: Feb. 26, 2015<br><br>**Honorable Judge Stephen V. Wilson** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on May 9, 2016, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the above Court located at 312 North Spring Street, Los Angeles, California 90012, before the Honorable Judge Stephen V. Wilson, Defendants Bellagio, LLC and MGM Resorts International will and hereby do respectfully move this Honorable Court to dismiss the Second Amended Complaint for lack of personal jurisdiction.

This motion is supported by the accompanying the Declaration of April Chaparian (the "Chaparian Decl."), as well as the exhibits attached thereto, the following memorandum of points and authorities, and any oral argument that the Court may entertain. This motion is made following the conferences of counsel on March 7, 2016. L.R. 7-3.

Dated: March 16, 2016           Respectfully submitted,

                                LEWIS ROCA
                                ROTHGERBER CHRISTIE LLP


                            By: /s/ Michael J. McCue
                                MICHAEL J. MCCUE (SBN: 296425)
                                Email: MMcCue@LRRC.com
                                3993 Howard Hughes Parkway, Suite 600
                                Las Vegas, Nevada 89169-5996
                                (702) 949-8200 (Tel.)
                                (702) 949-8398 (Fax)

                                AARON D. JOHNSON (SBN: 261747)
                                Email: ADJohnson@LRRC.com
                                4300 Bohannon Drive, Suite 230
                                Melo Park, California 94025
                                (650) 391-1380 (Tel.)
                                (650) 391-1395 (Fax)

                                *Attorneys for Defendants Bellagio LLC
                                and MGM Resorts International*

7425889_3

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................i

TABLE OF AUTHORITIES............................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES............................................. 1

I. PRELIMINARY STATEMENT ................................................................ 1

II. STATEMENT OF FACTS.......................................................................... 1

    A. Factual Background ......................................................................... 1

    B. The Order of Dismissal .................................................................... 3

III. ARGUMENT ................................................................................................ 4

    A. The Court Should Dismiss MGM and Bellagio For Lack of Personal Jurisdiction ........................................................................ 4

        1. The Contract With B&P Does Not Support The Exercise of Personal Jurisdiction................................................................... 4

        2. The Fact that Bellagio or MGM Paid For the Photo Shoot Does Not Support the Exercise of Personal Jurisdiction............ 5

        3. The Display of Generic Images on Defendants' Customer Service Websites Do Not Support the Exercise of Personal Jurisdiction................................................................................. 9

IV. CONCLUSION ........................................................................................... 10

CERTIFICATE OF SERVICE..................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Doe I v. Wal–Mart Stores, Inc.*,
   572 F.3d 677 (9th Cir. 2009) ................................................................................ 7, 9

*F. Hoffman-La Roche, Inc. v. Superior Court*,
   30 Cal. Rptr. 3d 407 (Cal. Ct. App. 2005) ................................................................ 7

*Gregorie v. Alpine Meadows Ski Corp.*,
   No. CIV. S-08-259 LKK/DAD, 2009 WL 2425960 (E.D. Cal. Aug. 7, 2009) ......... 8

*In re Coupon Clearing Serv., Inc.*,
   113 F.3d 1091 (9th Cir. 1997) ............................................................................. 7, 8

*ING Bank, FSB v. Chang Seob Ahn*,
   758 F. Supp. 2d 936 (N.D. Cal. 2010) ................................................................. 7, 9

*Kim v. Sumitomo Bank*,
   21 Cal. Rptr. 2d 834 (Cal. Ct. App. 1993) ................................................................ 7

*Kramer Motors, Inc. v. British Leyland, Ltd.*,
   628 F.2d 1175 (9th Cir. 1980) ............................................................................. 8, 9

*Penthouse Int'l, Ltd. v. Barnes*,
   792 F.2d 943 (9th Cir. 1986) ............................................................................... 7, 8

*Stilson v. Moulton–Niguel Water Dist.*,
   98 Cal. Rptr. 914 (Cal. Ct. App. 1971) ................................................................. 6, 7

*Walden v. Fiore*,
   143 S. Ct. 1115 (2014) ............................................................................................. 4

**REGULATIONS**

Cal. Civ. Code § 2298 ..................................................................................................... 6

Cal. Civ. Code § 2299 ..................................................................................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PRELIMINARY STATEMENT

Plaintiffs Forrest Kolb, Jinyong Na, Lyne Renee, Jonathan Fritz, and April Hutchings' ("Plaintiffs'") Second Amended Complaint ("SAC") does not cure the deficiencies that resulted in the dismissal of the First Amended Complaint. Indeed, the Plaintiffs' "new" allegations in the SAC merely set forth the same, basic facts and theories that Plaintiffs presented in response to Defendants' Motion to Dismiss the First Amended Complaint. Specifically, Plaintiffs allege that Defendants MGM Resorts International ("MGM") and Bellagio, LLC ("Bellagio") are subject to personal jurisdiction in California based on an agency relationship with the photographers. Yet, Plaintiffs fail to allege any material facts supporting such a relationship. Instead, Plaintiffs rely on superficial allegations regarding how MGM and Bellagio paid for the photo shoot and accompanying expenses, which demonstrate nothing about whether MGM or Bellagio actually controlled the day-to-day activities of the photographers. For this reason, the SAC should be dismissed with prejudice.

## II.  STATEMENT OF FACTS

### A.  Factual Background

In 2009, Bellagio contracted with a photography company, Tomas Muscionico, Inc., to take photos to be used in the promotion of the Bellagio hotel and casino. (Chaparian Decl. ¶ 4.) Plaintiffs contend that the photo shoot was part of an advertising campaign created by B&P Advertising, an advertising agency hired by Defendants. (SAC ¶ 13.)

At the time, Mr. Muscionico's listed address was 920 Pinehurst Drive, Las Vegas, NV 89109. (Chaparian Decl. ¶ 5 & Ex. A.) Mr. Muscionico and his production assistant, Gayle Jones, who lives in Las Vegas, contacted a modeling agency, Wilhelmina Models, to provide models for the photographs. (Chaparian Decl. ¶ 6.) Upon information and belief and additional information obtained

1

7425889_3   *Kolb, et al. v. Bellagio, et al.*, 2:15-cv-08512-SVW (JPRx)
Bellagio & MGM's Motion to Dismiss Second Amended Complaint

through investigation, based on headshots provided by Wilhelmina Models to Mr. Muscionico, MGM or Bellagio identified the models that they were interested. (*Id.*)

Wilhelmina Models provided five professional models, Forrest Kolb, Jinyong Na, Lyne Renee, Jonathan Fritz, and April Hutchings for the photo shoot. (SAC ¶ 17.) Upon information and belief, neither MGM nor Bellagio directly contacted the models or the modeling agency, nor negotiated with either them over the photo shoot or the license. (Chaparian Decl. ¶ 7.) Rather, on information and belief, the modeling agency granted licensing rights for the models to the photographer. (Chaparian Decl. ¶ 8 & Ex. B.)

Plaintiffs claim they were forwarded emails from Ms. Jones in which the photo shoot was referred to as the "Bellagio Lifestyle Shoot" and were told by Ms. Jones to keep their food and taxicab receipts for reimbursement. (SAC ¶ 19.) Documentary evidence shows that Ms. Jones coordinated the Plaintiffs' flights and lodgings. (Dkt. No. 19-1 at 62 (showing "Gayle" as the contact), 65 (email from Ms. Jones regarding photo shoot information).) The photo shoot occurred over two days in December 2009 and the models stayed at the MGM Grand hotel and casino. (SAC ¶ 18.) Based on information and belief, Plaintiffs were paid $3,000 each for a five year license. (SAC ¶ 11; *see also* Dkt. No. 19-1 at 68 ("Good news is that is the day rate is nearly $3,000, specifically it is $2,916.66... + 20%=$3500…what a great little xmas gift right!??").)[1]

Plaintiffs claim that the license to use their images expired on or about December 21, 2014. (SAC ¶ 11.) Plaintiffs allege that Bellagio and MGM relicensed the images from Mr. Muscionico in April 2015, but the relicense did not include Plaintiffs' rights of publicity. (SAC ¶ 24.) Plaintiffs further allege that Mr. Muscionico and/or Ms. Jones contacted Plaintiffs' modeling agency in 2015 to try

---

[1] The 20% is an agency fee.

and negotiate a relicensing fee for Plaintiffs' right of publicity, but those negotiations failed. (*Id.*)

Plaintiffs contend that despite the expiration of the license to use their likeness, Bellagio and MGM continued to use Plaintiffs' images on their websites and on printed brochures. (SAC ¶ 29.)

### B. The Order of Dismissal

On January 21, 2016, this Court dismissed the First Amended Complaint for lack of personal jurisdiction. (Dkt. No. 29.) The Court found that Plaintiffs did not argue for general jurisdiction, and the facts presented by Plaintiffs did not demonstrate express aiming for specific jurisdiction.

The Court, however, found that Plaintiffs might be able to allege a *prima facie* case of personal jurisdiction by showing an agency relationship between Defendants and the photography company, Tomas Muscionico, Inc. Accordingly, the Court granted Plaintiffs leave to file a second amended pleading, but indicated that they may not plead additional claims, add additional parties, or add allegations not intended to cure the specific defects the Court had noted.

Plaintiffs filed the SAC on February 26, 2016. (Dkt. No. 34.)

## III. ARGUMENT

### A. The Court Should Dismiss MGM and Bellagio For Lack of Personal Jurisdiction

Because this Court dismissed the First Amended Complaint and limited any additional allegations in the Second Amended Complaint to those that intend to cure the jurisdictional deficiencies set forth in the First Amended Complaint (Dkt. No. 29), MGM and Bellagio will focus on the additional allegations only and show why the new allegations do not support the exercise of specific jurisdiction over MGM and Bellagio.

#### 1. The Contract With B&P Does Not Support The Exercise of Personal Jurisdiction

The SAC alleges that the photo shoot was part of an advertising campaign by B&P Advertising, which is an advertising agency hired by Defendants. (SAC ¶ 13.) Plaintiffs then cite to a contract between B&P Advertising and MGM Mirage Advertising, Inc. regarding B&P's duties (the "B&P contract"). (SAC ¶ 14; *see also* Ex. C to Chaparian Decl.)

The B&P contract is not relevant to jurisdiction over MGM. The B&P contract specifies that MGM Mirage Advertising, Inc. is the contracting party and that it is acting as an agent for Bellagio. "MGM Mirage Advertising, Inc." is now known as MGM Resorts Advertising, Inc. (Chaparian Decl. ¶ 10.) However, this is not the same entity as MGM Resorts International (previously defined as MGM). (*Id.*)

Moreover, the contract between MGM Mirage Advertising, Inc. and B&P does not create any meaningful connection between Bellagio and the State of California. *See Walden v. Fiore*, 143 S. Ct. 1115, 1125 (2014) ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").

4
*Kolb, et al. v. Bellagio, et al.*, 2:15-cv-08512-SVW (JPRx)
Bellagio & MGM's Motion to Dismiss Second Amended Complaint

Both MGM Mirage Advertising and B&P Advertising are Nevada companies based in Las Vegas. (*See* Ex. D to Chaparian Decl.) The B&P contract states that it is governed by Nevada law and was "to be performed entirely in the State of Nevada." (*See* Services Contract, Section IX(b), Ex. C to Chaparian Decl.) Thus, if anything, the contract disavows any connection to California.

For these reasons, the B&P contract adds nothing to bolster Plaintiffs' claims of personal jurisdiction over Bellagio and MGM in California.

### 2. The Fact that Bellagio or MGM Paid For the Photo Shoot Does Not Support the Exercise of Personal Jurisdiction

In the SAC, Plaintiffs claim that they believed Mr. Muscionico and Ms. Jones were employed by MGM and Bellagio as their agents because, "Defendants had commissioned the photo shoot to obtain photographs with Plaintiffs' images for use in advertising and promoting Defendants' resort hotels and casinos." (SAC ¶ 21.) They claim this was because the photo shoot was always referred to as the "Bellagio" photo shoot; Defendants "directly or indirectly" paid for the models' flights and provided the lodging; the photo shoot took place at the Bellagio hotel and casino that Defendants' representatives closed to the public; Plaintiffs were paid "directly or indirectly" from Defendants; and only MGM and Bellagio were granted rights to use the images, not the photographers. (SAC ¶ 21.)

Plaintiffs presented these exact same facts to the Court in the briefing for Defendants' Motion to Dismiss the First Amended Complaint, which the Court granted. For instance, Plaintiffs alleged that Bellagio commissioned and paid for the photo shoot in the first place. (Opp'n to Mot. to Dismiss, Dkt. No. 19 at 3:9) (claiming Bellagio "hired a production company and photographer to create a new brand campaign for Bellagio.") Plaintiffs argued that the photo shoot was referred to as the "Bellagio" photo shoot. (Dkt. No. 19-1 at 62) ("Hey Jin and Lyne!! Here

are you [*sic*] details for Bellagio"); (*Id.* at 65) ("Here is the Bellagio Callsheet for tonight"); (*Id.* at 68) ("So all of you [*sic*] confirmed Bellagio – GO WILHELMINA!") They further claimed that Bellagio and MGM arranged and paid for the hotel rooms and travel. (Opp'n to Mot. to Dismiss at 10:19-20) (arguing for personal jurisdiction by claiming "Bellagio [paid] for Plaintiffs' rights and providing transportation and housing from Los Angeles to Las Vegas and back."); *Id.* at 12:3-4 ("Bellagio would never have had Plaintiffs' images had Bellagio not paid for Plaintiffs' round trip flights from California to Las Vegas, had the photo shoot occur on Bellagio property, or housed Plaintiffs at Defendants' MGM Grand hotel"). There is simply nothing new here that the Court has not already addressed and rejected as insufficient to establish personal jurisdiction. *See* Order of Dismissal, at 29 ("all the evidence offered by Plaintiffs thus far shows that Plaintiffs were only contacted by their own modeling agency or by Muscionico"). (Dkt. No. 29.)

More importantly, even if these were new arguments or facts, they would not support personal jurisdiction. The gravamen of all of these facts is that Bellagio and MGM hired a photographer to take photographs inside the Bellagio, and then paid for the photo shoot and accompanying expenses, like travel and lodging.

Missing, however, is any evidence of *control* required to show an agency existed between each Defendant and the photographers. "An agency is either actual or ostensible." Cal. Civ. Code § 2298. Actual agency arises "when the agent is really employed by the principal." Cal. Civ. Code § 2299. ***"[T]he most important factor of an agency or employee relationship is the right to control the manner and means of accomplishing the result desired***." *Stilson v. Moulton–Niguel Water Dist.*, 98 Cal. Rptr. 914, 918 (Cal. Ct. App. 1971) (emphasis added). "A finding of the right to control employment requires . . . ***a comprehensive and immediate level of 'day-to-day' authority over employment decisions***." *Doe I v.*

6
*Kolb, et al. v. Bellagio, et al.*, 2:15-cv-08512-SVW (JPRx)
Bellagio & MGM's Motion to Dismiss Second Amended Complaint

*Wal–Mart Stores, Inc.*, 572 F.3d 677, 682–83 (9th Cir. 2009) (quoting *Vernon v. State*, 10 Cal. Rptr. 3d 121 (Cal. Ct. App. 2004)) (emphasis added); *see also F. Hoffman-La Roche, Inc. v. Superior Court*, 30 Cal. Rptr. 3d 407, 418 (Cal. Ct. App. 2005) ("the hallmark of agency is the exercise of control over the agent by the principal").

In contrast, there is no agency when one party controls the results of the work, but not the means. *Kim v. Sumitomo Bank*, 21 Cal. Rptr. 2d 834, 839 (Cal. Ct. App. 1993) ("When the principal only controls the results of the work and not the means by which it is accomplished, an independent contractor relationship is established."). There is no agency when one party simply has the right to require another to perform a contract. *In re Coupon Clearing Serv., Inc.*, 113 F.3d 1091, 1100 (9th Cir. 1997) ("The ShopRite Retailers' only right of control with respect to CCS was to require CCS to perform its contracts."). Moreover, an owner may retain broad general powers of control – including the right to inspect, the right to stop the work, the right to make suggestions or recommendations as to details of the work, the right to prescribe alterations or deviations in the work – without turning an independent contractor relationship into an agency. *ING Bank, FSB v. Chang Seob Ahn*, 758 F. Supp. 2d 936, 941–42 (N.D. Cal. 2010) (citing *Stilson*, 98 Cal. Rptr. at 918).

In *Penthouse Int'l, Ltd. v. Barnes*, 792 F.2d 943, 947 (9th Cir. 1986), the Ninth Circuit Court of Appeals found that a photographer was an agent for a magazine based on fact that the magazine provided the photographer the title of "staff photographer," provided him model releases to present to the models, gave him business cards, and sometimes commissioned photographs and paid expenses.

Contrasting *Penthouse*, the Ninth Circuit Court of Appeals found in *In re Coupon Clearing Serv., Inc.*, 113 F.3d 1091, 1100 (9th Cir. 1997), that a company was not the agent for retailers simply because the retailers hired the company to

submit coupons on the retailer's behalf. There, the critical facts included that the retailers did not control how the company operated day to day, did not control employment decisions (like hiring and firing), and did not control how the company used its proceeds. *Id.*

Likewise, in *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177–78 (9th Cir. 1980), the Ninth Circuit found that although the parent corporation was generally responsible for the sale of company products by a subsidiary, active in approving the subsidiary's major policy decisions, and involved in the general executive operation of the subsidiary, the facts were insufficient to create an agency to subject the parent to personal jurisdiction based solely on the subsidiary's contacts with the forum. *Id.* at 1177; *see also Gregorie v. Alpine Meadows Ski Corp.*, No. CIV. S-08-259 LKK/DAD, 2009 WL 2425960, at *6 (E.D. Cal. Aug. 7, 2009) (ability to review and approve "budget, expenses, master plan" and authority to approve or reject the master plan "indicate that Powdr was entitled to make significant decisions regarding spending and major development at Alpine, [but] plaintiffs have not provided any evidence of day-to-day control").

Here, distilled down, the entire agency theory upon which Plaintiffs rely is that MGM and Bellagio commissioned the creation of photographs and agreed to pay for them and the accompanying expenses. (SAC ¶ 21) ("Plaintiffs reasonably believed that Defendants had commissioned the photo shoot..."). However, payment alone does not show the day-to-day control required for an agency relationship between MGM and the photographer. *See, e.g.*, *In re Coupon Clearing Serv., Inc.*, 113 F.3d at 1100 (finding no agency despite evidence that retailers paid the company to submit coupons on its behalf); *cf. Penthouse*, 792 F.2d at 947 (in addition to commissioning photographs and paying expenses, magazine called photographer a "staff photographer," used his name on the masthead, gave him

business cards, and provided him contracts to use). Plaintiffs do not allege that MGM or Bellagio controlled the specifics and daily operations of Mr. Muscionico's photography company such as what modeling agency to use or the conduct of the photo shoot, when the photo shoot started, who performed make up and lighting, how the models were arranged in each shoot. Indeed, the only fact that relating to Bellagio or MGM's involvement in the actual photo shoot is the allegation that MGM or Bellagio's representatives closed a section of the hotel for the photo shoot (SAC ¶ 18), which falls far short of "a comprehensive and immediate level of 'day-to-day' authority." *Doe I*, 572 F.3d at 682–83. At best, this evidence shows that MGM or Bellagio held some high level control over the end product, but which do not turn an independent contractor relationship into an agency. *See Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d at 1177–78 (9th Cir. 1980) (involvement in subsidiaries' major policy decisions does not create agency relationship); *ING Bank*, 758 F. Supp. 2d at 941–42 (general powers of control, do not create agency relationship).

Simply put, the SAC has failed to allege facts to demonstrate an agency relationship between the photographers and Bellagio or MGM. The SAC should be dismissed.

### 3. The Display of Generic Images on Defendants' Customer Service Websites Do Not Support the Exercise of Personal Jurisdiction

In their SAC, Plaintiffs also allege MGM and Bellagio operated "interactive" websites. (SAC ¶ 30.)

The Court already addressed this same evidence and same argument in its previous Order dismissing the First Amended Complaint, holding that the websites "do not target California in any way and the generic images of Plaintiffs are not linked or tied to California." (Dkt. No. 30; *see also* Dkt. No. 19-2 at 2 (providing the same webpages as evidence to oppose dismissal of the First Amended

Complaint).) The Court's finding was well supported. The webpages cited by Plaintiffs are all customer service pages – as the URLs clearly indicate. (*See* SAC ¶ 30.) They do not target California in any way. In fact, the hours of operation for the customer service phone number are in Central time, not Pacific time. (*See* Dkt. No. 31-1 at 18.) While there does appear to be a banner on the side of the webpages that redirects visitors to another webpage that allows them to search for flights and hotel rooms, that no more targets California than any other location in the world that can access the webpages.

## IV.   CONCLUSION

For the foregoing reasons, the Court should dismiss the Second Amended Complaint for lack of personal jurisdiction.

DATED this 16th day of March, 2016.

Respectfully submitted,

LEWIS ROCA
ROTHGERBER CHRISTIE LLP


By: /s/ Michael J. McCue
MICHAEL J. MCCUE (SBN: 296425)
Email: MMcCue@LRRC.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8200 (Tel.)
(702) 949-8398 (Fax)

AARON D. JOHNSON (SBN: 261747)
Email: ADJohnson@LRRC.com
4300 Bohannon Drive, Suite 230
Melo Park, California 94025
(650) 391-1380 (Tel.)
(650) 391-1395 (Fax)

*Attorneys for Defendants Bellagio LLC and MGM Resorts International*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2016, a true and accurate copy of the foregoing paper entitled, **DEFENDANTS BELLAGIO, LLC'S AND MGM RESORTS INTERNATIONAL'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**, was filed electronically with the Clerk of the Court through the Court's CM/ECF system and served through that system to the following:

> Bassil A. Hamideh
> THE HAMIDEH FIRM, P.C.
> 1801 Century Park East, Suite 2400
> Los Angeles, CA 90067
> Fax: 310-733-5699
> E-mail: bhamideh@hamidehfirm.com

　　　　　　　　　　/s/ Rebecca Contla
　　　　　　　　　　An employee of Lewis Roca
　　　　　　　　　　Rothgerber Christie LLP