Michael J. McCue (SBN 296425)
MMcCue@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
702.949.8200 (tel.)
702.949.8398 (fax)

NOTE: CHANGES MADE BY THE COURT

Attorneys for Defendants,
BELLAGIO, LLC
MGM RESORTS INTERNATIONAL

Bassil A. Hamideh (SBN 261233)
THE HAMIDEH FIRM, P.C.
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:      (310) 556-9687
Facsimile:      (310) 733-5699
Email: bhamideh@hamidehfirm.com

Attorneys for Plaintiffs,
FORREST KOLB
JINYONG NA
LYNE RENEE
JONATHAN FRITZ
APRIL HUTCHINGS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KOLB;<br>JINYONG NA;<br>LYNE RENEE;<br>JONATHAN FRITZ; and<br>APRIL HUTCHINGS,<br><br>        Plaintiffs,<br><br>              vs.<br><br>BELLAGIO LLC, a Nevada Limited<br>Liability Company; MGM RESORTS<br>INTERNATIONAL, a Delaware<br>Corporation and DOES 1-50, inclusive<br><br>        Defendants. | CASE NO. 2:15-cv-08512-SVW-JPR<br><br><br>STIPULATED PROTECTIVE ORDER |

7483483_1

1

1.     GOOD CAUSE STATEMENT

The parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

This Protective Order is issued to assist in the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to protect and ensure the confidential treatment of information, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial.  Good cause for the entry of the Stipulated Protective Order exists because the parties contemplate potential disclosure of sensitive business information.  Disclosure of such information without the protections afforded by this Protective Order will result in prejudice and harm to the parties, specifically, disclosure of such sensitive business information will reduce the parties' ability to conduct business in a competitive fashion.

2.     DEFINITIONS

2.1     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things produced by the Designating Party and that the Designating Party believes in good faith constitutes confidential research, development, financial or commercial information.

2.4     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential."

2.8     <u>Outside Counsel</u>:  attorneys who are not House Counsel, as defined below, but who are retained to represent or advise a Party in this action.  Unless otherwise expressly approved through stipulation or order, Outside Counsel shall include the partners, associates and their support staff appearing on behalf of the parties to this litigation from the law firms of Lewis Roca Rothgerber Christie on behalf of Defendants Bellagio, LLC and MGM Resorts International, Inc. and The Hamideh Firm, P.C. for Plaintiffs.

2.9     <u>House Counsel</u>:  attorneys who are employees of or provide legal services on a full time basis and work on the premises of a Party or affiliate of a Party.

2.10    <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their support staffs).

2.11    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.      <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies,

excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.      DURATION

        Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited.

        If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

        5.2     Manner and Timing of Designations.

        Except as otherwise provided in this Order or as otherwise ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

        (a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

1        (b)    for testimony given in deposition or in other discovery-related

2 proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

3 record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

4 and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is

5 impractical to identify separately each portion of testimony that is entitled to protection, and when

6 it appears that substantial portions of the testimony may qualify for protection, the Party or non-

7 party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition

8 or proceeding is concluded) a right to have up to 14 calendar days after receipt of the transcript to

9 identify the specific portions of the testimony "CONFIDENTIAL."  Only those portions of the

10 testimony that are appropriately designated for protection within the 14 days shall be covered by

11 the provisions of this Stipulated Protective Order.  During the 14 days, the entire contents of the

12 transcript shall be treated as "CONFIDENTIAL."  Transcript pages containing Protected Material

13 must be separately bound by the court reporter, who must affix to the bottom of each such page

14 the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the

15 witness or presenting the testimony.

16        (c)   for information produced in some form other than documentary, and for any

17 other tangible items, that the Producing Party affix in a prominent place on the exterior of the

18 container or containers in which the information or item is stored the legend "CONFIDENTIAL."

19 If only portions of the information or item warrant protection, the Producing Party, to the extent

20 practicable, shall identify the protected portions to be marked as "Confidential."

21     5.3   <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate

22 qualified information or items as "Confidential" does not, standing alone, waive the Designating

23 Party's right to secure protection under this Order for such material.  If material is appropriately

24 designated as "Confidential" after the material was initially produced, the Receiving Party, on

25 timely notification of the designation, must make reasonable efforts to assure that the material is

26 treated in accordance with the provisions of this Order.

27 6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

28     6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must meet and confer in accordance with Local Rule 37-1.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party and complying with Local Rule 37, may file and serve a motion under the local rules that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) or who have agreed to be bound by the terms of this Order on the record.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author of the document or the original source of the information.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than 10 court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

1    The Receiving Party also must immediately inform in writing the Party who caused the

2    subpoena or order to issue in the other litigation that some or all the material covered by the

3    subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

4    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

5    caused the subpoena or order to issue. The purpose of imposing these duties is to alert the

6    interested parties to the existence of this Protective Order and to afford the Designating Party in

7    this case an opportunity to try to protect its confidentiality interests in the court from which the

8    subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of

9    seeking protection in that court of its confidential material - and nothing in these provisions

10   should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

11   lawful directive from another court.

12   9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

14   Material to any person or in any circumstance not authorized under this Stipulated Protective

15   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

16   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

17   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

18   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

19   Be Bound" that is attached hereto as Exhibit A.

20   10.   FILING PROTECTED MATERIAL.

21       Without written permission from the Designating Party or a court order secured after

22   appropriate notice to all interested persons, a Party may not file in the public record in this action

23   any material designated "CONFIDENTIAL."  A Party that wishes to file any material designated

24   as "CONFIDENTIAL" in any public record, including court records, must do so under seal in

25   accordance with the local rules.  Pending the ruling on the application, the papers or portions

26   thereof subject to the sealing application shall be lodged under seal.

27   ///

28   ///

11.     <u>FINAL DISPOSITION</u>.

        Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.     <u>MISCELLANEOUS</u>

        12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

        12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

///

///

///

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated:  March 17, 2016                    **LEWIS ROCA ROTHGERBER CHRISTIE LLP**

4

5                                                    /s/  Michael J. McCue
                                            By:_____

6                                               Michael J. McCue
                                                Attorneys for Defendants,

7                                               Bellagio, LLC and MGM Resorts
                                                International, Inc.

8

9    Dated:  March 17, 2016                    **THE HAMIDEH FIRM, P.C.**

10

11                                                   /s/  Bassil A. Hamideh
                                            By:_____

12                                              Bassil A. Hamideh
                                                Attorneys for Plaintiff,

13                                              Forrest Kolb, Jonathan Fritz, Lyne Renee,
                                                April Hutchings, and Jinyong Na

14

15       The Court has received and reviewed the **STIPULATED PROTECTIVE ORDER** and

16   the accompanying documents, and for good cause shown, the Stipulated Protective Order is

17   hereby GRANTED.

18

19                                    IT IS SO ORDERED.

20

21                                    _____

22                                    UNITED STATES MAGISTRATE JUDGE

23   DATED: March 22, 2016

24

25

26

27

28

7483483_1